IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

    Plaintiff,

v.                                      Case No. 14-cv-170 JCH/GBW

ALLAN BANKS, *Chief of Albuquerque Police Department, et al.*,

    Defendants.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant Ramon Rustin's Motion to Dismiss Plaintiff's Claims and Supporting Memorandum (*doc. 23*) and Plaintiff's Motion to Amend the Complaint (*doc. 25*). Having reviewed the motions and the applicable law, I recommend that the Court GRANT Defendant's Motion to Dismiss and DENY Plaintiff's Motion to Amend. I further recommend that the Court DISMISS Defendant Banks pursuant to under 28 U.S.C. § 1915(e), and permit Plaintiff to amend his original complaint solely for the purpose of identifying by name the defendant members of the Metropolitan Detention Center staff.

### I.    PROCEDURAL POSTURE

Plaintiff is a resident of Albuquerque who alleges violations of his constitutional rights. *Doc. 1.* He filed a Civil Rights Complaint (Complaint) on February 24, 2014, seeking $10,000,000,000 in damages, and naming as Defendants 1) Albuquerque Police

Officer, Harold Sennett; 2) the staff of the Metropolitan County Detention Center; 3) former Albuquerque Police Department Chief, Allan Banks; 4) Metropolitan Detention Center Chief, Ramon Rustin; and 5) New Mexico Attorney General, Gary King. *Id.* Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915 on February 24, 2014, and service was ordered on Defendants Banks and Rustin. *Doc. 4.* Summons was successfully executed on Defendant Rustin, but not on Defendant Banks. *Docs. 6, 7.* Service on Defendant Sennett was not ordered. *Doc. 4.* The order granting *in forma pauperis* status also required Plaintiff to "either voluntarily dismiss Defendant King or amend his Complaint to allege facts to support a suit against Defendant King." *Doc. 4.*

Thirty days later, on March 26, 2014, Plaintiff filed an Amended Complaint. *Doc. 16.* This Amended Complaint was stricken because it "add[ed] nothing factually or otherwise that would support a direct claim against Defendant King for Plaintiff's alleged damages resulting from his arrest by the City of Albuquerque and subsequent detention . . . ." *Doc. 22.*

On May 15, 2014, Defendant Rustin filed a Motion to Dismiss Plaintiff's original Complaint, asserting that it failed to state a claim against him. *Doc. 23.* On December 22, 2014, Plaintiff filed a Motion to Amend the Complaint, seeking to add a number of defendants. *Doc. 25.* Defendant Rustin filed responses, opposing the Motion to Amend on the grounds that it is untimely and futile as to Defendant Rustin. *Doc. 27.*

II.     FACTUAL ALLEGATIONS

A. ORIGINAL COMPLAINT

Plaintiff's initial Complaint alleges that he was arrested by Defendant Sennett on May 20, 2013. *Doc. 1* at 2. He was then taken to the Metropolitan Detention Center ("MDC") where MDC staff, whom Plaintiff labels collectively as "DOE," "detained and monitored" him. *Id.* Plaintiff was released by MDC staff on July 11, 2013. *Id.* He alleges he was "never transported . . . to court." *Id.* He "was never prosecuted." *Id.* He states that he "was incarcerated against his will without getting transported to the court of law for his release." *Id.* at 3. The failure to transport him to court "violated the plaintiff's Rights secured under the United States Constitution." *Id.* Plaintiff identifies "his Constitutional Right to a speedy and a public trial as secured by the Sixth Amendment of the United States Constitution." *Id.* He names as Defendants 1) Allan Banks; 2) Harold Sennett; 3) Ramon Rustin; 4) "DOE," or the staff at MDC; and 5) Gary King.

B. AMENDED COMPLAINT

Plaintiff's Amended Complaint raises a Fourteenth Amendment Due Process claim—rather than a Sixth Amendment claim—for the same events outlined in his original Complaint. *Doc. 25*. The Amended Complaint names Defendants Sennett and Rustin and adds as defendants 1) Bernalillo County District Attorney, Kari Brandenberg; 2) the County of Bernalillo ("County"); 3) the City of Albuquerque

("City"); 4) the Metropolitan Detention Center ("MDC"); and 5) the Albuquerque Police Department ("APD"). *Doc. 25*.

Plaintiff alleges that Defendant Sennett arrested him on May 20, 2013, and transported him to MDC. *Id*. at 10.[1] He further alleges that Defendant Sennett never prosecuted him, that he was "incarcerated in segregation," and that Defendants Sennett, Brandenberg, and Rustin caused him to remain imprisoned in MDC until July 11, 2013, "without an underlying prosecution, conviction, plea of guilty, verdict of guilty, and/or admissions(s) of guilty [sic] and without any consent by the plaintiff for imprisonment." *Id.*

This occurred, Plaintiff alleges, notwithstanding his "multiple requests to be transported to court for trial or to be released from imprisonment." *Id.* Plaintiff made such requests, some of them by mail, "to the MDC staff including Rustin, the MDC officers that patrolled the area of the plaintiff's segregated cell, warden's assistant of MDC, Sennett, APD, and Brandenberg . . . ." *Id.* He "also mailed requests to the Metropolitan Court's senior Judge for the Criminal division requesting that he/she order Rustin, Sennett, Brandenberg, and/or assistant wardens to transport the Plaintiff to court." *Id*. Plaintiff's requests "specifically informed" the Defendants "that he is: 1) competent to stand trial; 2) not a mental health patient; and 3) seeking assistance for his release and/or transportation to court." *Id.* On July 11, 2013, "MDC staff transported

---

[1] Citations to the proposed Amended Complaint are to the page number of the filing at *doc. 25*.

the Plaintiff to the main entrance of APD without any justification for his term of incarceration in MDC." *Id.* at 12-13.

Plaintiff alleges that Defendants actions deprived him of his Fourteenth Amendment right to due process. *Id.* at 10. Plaintiff's claims against Defendants Sennett, Brandenberg, and Rustin are brought against them only in their official capacities. *Id*. at 8-9. The claims against MDC, APD, the County, and the City are brought "via the Monell-Standard for promulgating a scheme, through [some combination of the other Defendants], that deprived the plaintiff of his freedom, liberty interests and due process Rights secured by the 14th Amendment. . . ." *Id.* at 11-16.

Plaintiff's Amended Complaint seeks $250,000,000 for the Defendants "caus[ing] the plaintiff to suffer from irreversible harms, hardships, mental anguishes, and great bodily injuries that resulted directly from his unlawful imprisonment." *Id*. at 16.

### III.    STANDARD OF REVIEW

The same standard of review applies both to Plaintiff's original Complaint and his proposed Amended Complaint, notwithstanding the three different legal contexts under which the complaints are considered.[2] Under each framework, the question is

---

[2] Defendant's Motion to Dismiss is governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a complaint may be dismissed "for failure to state claim for upon which relief can be granted." Under 28 U.S.C. 1915(e), the Court may dismiss *sua sponte* an *in forma pauperis* complaint "at any time if . . . . the action . . . fails to state a claim on which relief may be granted." Finally, Plaintiff's Motion to Amend is governed by Federal Rule of Civil Procedure 15(a)(2), under which "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason," such as for failure to state a claim. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

whether the complaint being considered contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing whether a complaint meets this standard, the Court is to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Then, accepting only the well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff, the court is to consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, a party is proceeding *pro se*, the court is to liberally construe his pleadings. *Casanova*, 595 F.3d at 1125. "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## IV. ANALYSIS

### A. PLAINTIFF'S MOTION TO AMEND

In simple terms, Plaintiff's Amended Complaint alleges that his incarceration for 53 days without ever being taken to court violated his constitutional rights, and he seeks to hold liable the arresting officer, the prosecutor, and the jailer in their official capacities, as well as the departments and municipal entities to which they belong. Because Plaintiff alleges that he was imprisoned without a court order and never prosecuted, the Court reads his allegations as giving rise to a Fourth Amendment false imprisonment claim and not a Fourteenth Amendment due process claim. *Myers v. Koopman*, 738 F.3d 1190, 1194, n. 3 (10th Cir. 2013) ("Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims," whereas "[u]nreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims," and may give rise to Fourteenth Amendment malicious prosecution claims where a state remedy is unavailable.); *Chavez v. County of Bernalillo*, 3 F.Supp.3d 936, 993 (D.N.M. 2014) (construing claims against jailer arising from detention pursuant to quashed bench warrant as false arrest and false imprisonment where plaintiff's arguments "rest[ed] on a lack of legal process, namely, a valid warrant."). Because Plaintiff's official capacity claims are redundant and he fails to state a claim against the City or County, the undersigned recommends that his Motion to Amend (*doc. 25*) be DENIED on futility grounds.

1. **Plaintiff's Amended Complaint does not state a proper claim against Defendants Sennett, Rustin, Brandenberg, APD, or MDC.**

Suits against individuals in their official capacities are construed as suits against the governmental entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, official capacity claims that also name the governmental entity to which the official belongs are redundant and the named officials may therefore be dismissed. *See, e.g., Starrett v. Wadley*, 876 F.2d 808, 813 (10th Cir. 1989) (despite presence of official capacity claim, "the appeal effectively is between only two parties: the County and plaintiff"); *Houston v. Reich*, 932 F.2d 883, 889 (10th Cir. 1991); *Doe v. Douglas Cnty. Sch. Dist.*, 775 F. Supp. 1414, 1416 (D. Colo. 1991) ("redundant" official capacity claim dismissed); *Jungels v. Pierce*, 825 F.2d 1127 (7th Cir. 1987) (whenever a complaint names both a municipality and one of its officials sued only in his official capacity, "there is only one defendant—the City—not two"). Plaintiff's Amended Complaint seeks to bring the same claims against Defendants Sennett, Rustin, and Brandenberg in their official capacity, and against the City of Albuquerque and the County of Bernalillo. *See doc. 25* at 8-9. As such, Plaintiff's putative official capacity claims against Sennett, Rustin and Brandenberg are redundant of his putative claim against the municipal entities. Thus, the putative official capacity claims against Sennett, Rustin and Brandenberg are subject to dismissal.

In a similar vein, the subsidiary Defendants, APD and MDC, are not suable entities and are subject to dismissal on that basis. *Biehl v. Salina Police Dept.*, 256 F.

App'x 212, 215 (10th Cir. 2007) ("Police Department is a subsidiary of the city government and not directly subject to suit") (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)); *Apodaca v. New Mexico Adult Probation and Parole*, 998 F.Supp.2d 1160, 1190) (D.N.M. 2014) ("[A] detention center is not a suable entity in a § 1983 action.").

Consequently, the only newly proposed Defendants for which the Court need review the merits of the proposed claims are those brought against the municipal entities themselves—the City and the County.

**2. Plaintiff's Amended Complaint fails to state a claim against the City or the County.**

To state a claim against the municipalities under 42 U.S.C. § 1983, a plaintiff must "identify a municipal policy or custom that caused the [his] injury." *Dodds*, 614 F.3d at 1202 (internal citations omitted); *see also Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993) ("[T]he doctrine of respondeat superior does not apply to actions brought under § 1983."). This standard requires a plaintiff to show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153-54 (10th Cir. 2005). The plaintiff must also show, "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of*

*Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff's Amended Complaint fails to plead sufficient facts to meet these prerequisites.

To begin, Plaintiff does not allege that he was unlawfully confined pursuant to a City or County policy. The only policy related allegation in Plaintiff's Amended Complaint, which is asserted against all of the Defendants except Brandenberg, asserts that each Defendant "promulgat[ed] a scheme, through [various other Defendants], that deprived the plaintiff of his freedom, liberty interests and due process Rights secured by the 14th Amendment of the *United States Constitution* at 42 U.S.C. § 1983." *Doc. 25* at 5-8 (emphasis in original). This allegation, which is devoid of any factual matter to support the existence of a "scheme," is wholly conclusory and should be disregarded. *Iqbal*, 556 U.S. at 679. Because Plaintiff's factual allegations in his Amended Complaint are insufficient to infer that a policy giving rise to constitutional harms existed, he has failed to state a claim against the City or the County on this basis.

Plaintiff has also failed to allege that his constitutional harm was the result of a decision by a final policymaker of either the City or the County. The only possible allegation which could fulfill this requirement is Plaintiff's claim that he made "multiple requests to be transported to court for trial or to be released from imprisonment . . . to the MDC staff including Rustin, the MDC officers that patrolled the area of the plaintiff's segregated cell, warden's assistant of MDC, Sennett, APD, and Brandenberg . . . ." *Doc. 25* at 4 (footnotes omitted). These requests were "submitted

[as] informal requests to . . . the guards on duty that patrolled the Plaintiff's segregated cell on regular basis [sic]." *Id*. at 4, n. 3. Plaintiff asserts that these requests went ignored. *Id*. at 7-8.

First, it does not appear that any of the individuals who allegedly received the letters qualify as final policymakers whose conduct would make the City or County liable. Second, the contents of Plaintiff's "informal requests" would not have provided notice of an **unlawful** confinement. Plaintiff's letters "specifically informed" the Defendants "that he is: 1) competent to stand trial; 2) not a mental health patient; and 3) seeking assistance for his release and/or transportation to court." *Id.* at 4. These averments, in-and-of-themselves, would not have been sufficient to alert the reader that Plaintiff was unlawfully confined. Most significantly, Plaintiff does not assert that the letters stated that he had never appeared in court and/or that he was arrested without legal authority. This lack of specificity is fatal because a plausible claim requires that a final policymaker "acted with deliberate or reckless intent to falsely imprison the plaintiff." *Chavez*, 3 F.Supp.3d at 993 (D.N.M. 2014) (requiring deliberate or reckless intent in Fourth Amendment false imprisonment claim); *Reyes v. Bd. of Cnty. Cmm'rs of Sedgwick Cnty, Kansas*, 2008 WL 2704160, *11 (D. Kan. 2008) (same).

Plaintiff has not identified a policy or final policymaker decision that caused his alleged constitutional harm, let alone that the City or County acted with deliberate or reckless intent in causing that harm. As a result, he has not plausibly stated a claim

against the City or the County.  Therefore, the putative claims as presented in the proposed Amended Complaint would be subject to dismissal.

Because every newly proposed claim against each Defendant in the proposed Amended Complaint is subject to dismissal, permitting Plaintiff to amend his complaint as requested would be futile.  Consequently, the undersigned recommends DENYING Plaintiff's Motion to Amend the Complaint (*doc. 25*).

### B. DEFENDANT RUSTIN'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Having determined that Plaintiff's Motion to Amend should be denied on futility grounds, the next question is whether Defendant Rustin's Motion to Dismiss (*doc. 23*) the claims against him in Plaintiff's original Complaint should be granted as well. Because I find that Plaintiff's Complaint fails to state a claim against Defendant Rustin, I recommend that Defendant's Motion to Dismiss (*doc. 23*) be GRANTED.

Plaintiff's original Complaint contains the same basic factual allegations as his Amended Complaint, with the exception of his allegation that he sent letters to Defendants Rustin and Sennett, which is omitted from his original complaint.[3] Doc. 1. His first Complaint alleges that he was arrested by Defendant Sennett on May 20, 2013, taken to MDC, and confined for 53 days before being released.  *Id.* at 1-3.  He states that he "was incarcerated against his will without getting transported to the court of law for his release," and "was never prosecuted." *Id.* at 3. He claims that as a result

---

[3] Defendant Brandenberg is not named in Plaintiff's original Complaint.

Defendants (1) Sennett (2); Rustin (3); Allan Banks, former Albuquerque Police Chief; (4) "DOE," or the staff at MDC; and (5) Gary King "violated the plaintiff's Rights secured under the United States Constitution." *Id.* at 1-3.[4]

To state a claim against Defendant Rustin in his capacity as a supervisor, Plaintiff must implicate a policy, for which Defendant Rustin was responsible, that caused his alleged constitutional harm. *Wilson v. Montano*, 715 F.3d 847, 856 (10th Cir. 2013) (supervisory liability attaches where "(1) the defendant promulgated, created, implemented or possessed personal responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." ) (citations omitted)). As to Defendant Rustin, Plaintiff alleges that he is the "Chief" of MDC and "is allegedly responsible for the overall operations of MDC including supervision of DOE." *Doc. 1* at 2. These allegations do not implicate a policy and are therefore wholly insufficient to state a claim for supervisory liability.

To state a claim directly against Defendant Rustin, Plaintiff must demonstrate some personal involvement to establish that Defendant Rustin was a cause of his alleged constitutional harm. *See, e.g., James v. Chavez*, 511 F. App'x 742, 746 (10th Cir. 2013) ("In order to prevail on her § 1983 claims . . ., appellant is required to show that

---

[4] Plaintiff specifically notes his Sixth Amendment right "to a speedy and a public trial," *doc. 1* at 3, but he would not be entitled to relief under the circumstances outlined in his complaint. *United States v. MacDonald*, 456 U.S. 1, 7 (1982) ("the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges."). Rather, as with his Amended Complaint, his claims are more appropriately considered in the context of a Fourth Amendment false imprisonment claim.

[appellees'] actions . . . were both the but-for and the proximate cause of" appellant's injury). His allegation that Defendant Rustin "is allegedly responsible for the overall operations of MDC" is insufficient to state a claim for direct liability.

Thus, Plaintiff's Complaint fails to state a claim against Defendant Rustin either directly or in his capacity as a supervisor. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (*doc. 23*) be GRANTED.

### C. PLAINTIFF'S COMPLAINT UNDER § 1915 REVIEW

In addition to dismissing the claims against Defendant Rustin, the undersigned recommends dismissing Defendant Banks and permitting Plaintiff to amend his complaint as to the individual Defendants he collectively refers to as "Doe" in his original Complaint.

**1. Plaintiff's Complaint fails to state a claim against Defendant Banks**

Because Plaintiff was granted *in forma pauperis* status, the Court has the discretion to dismiss his Complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

As to Defendant Banks, Plaintiff alleges that he is the "Chief of the Albuquerque Police Department," and that Defendant Sennett "is allegedly under Banks supervision." *Doc*. 1 at 1. As with Defendant Rustin, these allegations are wholly insufficient to state a claim against Defendant Banks because they do not allege any personal involvement by him, nor do they implicate a policy for which he would be responsible. The undersigned therefore recommends that Defendant Banks be dismissed from this action.

### 2. Plaintiff's Complaint states a claim against MDC staff

Detention center employees may be subject to liability under § 1983 for a Fourth Amendment false imprisonment claim where they "act[] with deliberate or reckless intent to falsely imprison the plaintiff." *See Chavez*, 3 F. Supp. 3d at 996; *Reyes v. Bd. of Cnty. Cmm'rs of Sedgwick Cnty., Kansas*, 2008 WL 2704160, *11 (D. Kan. 2008). False imprisonment, in turn, "consists of [a defendant's] intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Chavez*, 3 F. Supp. 3d at 984 (citations and quotations omitted). Plaintiff's Complaint alleges that the staff at MDC "detained and monitored him," held him "against his will," and "never transported the Plaintiff to court." *Doc. 1* at 2. Accepting as true Plaintiff's allegations that he was arrested and confined for 53 days without ever

being taken to court, a reasonable inference can be made that, at some point during that 53-day interval, MDC staff confined him without lawful authority and acted with a deliberate or reckless intent in doing so.

However, "to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's Complaint does not enable the Court to identify individuals at MDC that Plaintiff intends to sue. *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) ("Although pro se pleadings should be liberally construed, it is not 'the proper function of the district court to assume the role of advocate for the pro se litigant.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 21 (1972) (per curiam)). Nor can officers of the Court fulfill their obligation under 28 U.S.C. § 1915(d) to serve process on an unnamed person. Therefore, the undersigned recommends that Plaintiff be allowed time to submit factual allegations against individual Defendants at MDC.

V. **CONCLUSION**

For the forgoing reasons, I recommend that the Court DENY Plaintiff's Motion to Amend (*doc. 25*) and GRANT Defendants' Motion to Dismiss Plaintiff's original Complaint (*doc. 23*). I also recommend that the Court dismiss Defendant Banks pursuant to 28 U.S.C. § 1915(e) and give Plaintiff fourteen days (14) to amend his

complaint for the sole purpose of identifying by name the individual defendants of the MDC staff that he intends to sue.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**